47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Craig HALL, Plaintiff-Appellant,
v.
CITY OF DETROIT; Detroit Police Department; D. Olson,
Defendants-Appellees.
 No. 94-1632.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Craig Hall appeals the dismissal of his civil complaint removed pursuant to 28 U.S.C. Sec. 1441 by defendants to the district court from the Wayne County, Michigan, Circuit Court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Hall filed his complaint in the state court alleging that he was falsely arrested by the defendant Detroit police officer on a charge of disorderly conduct, that he was falsely imprisoned as a result, that he was convicted of the crime based upon perjured testimony, and that he was deprived of personal property lost as a result of his arrest. Defendants removed the case to the district court and filed an answer to the complaint. Next, defendants moved the district court to compel plaintiff's cooperation with defendants' discovery efforts or in the alternative to dismiss plaintiff's complaint. The district court then set a date for a hearing regarding defendants' motion. Thereafter, plaintiff filed a "motion to dismiss and to remand." Following the hearing, the district court granted defendants' motion and dismissed the case.
 
 
 3
 On appeal, plaintiff contends that the district court had no jurisdiction to remove his complaint after he filed a motion for default judgment in the state court. Defendants respond that the district court had jurisdiction to remove plaintiff's complaint, that the district court did not abuse its discretion in dismissing the complaint, and that plaintiff has waived his right to challenge the dismissal in any event. Upon consideration, we affirm the judgment of the district court.
 
 
 4
 First, plaintiff's claim that the district court lacked jurisdiction to remove his complaint because a motion for default judgment was filed in state court is belied by the record. Plaintiff asserted this argument in his motion to remand filed in the district court. There, plaintiff asserted that he filed an application for a default judgment in the state court on November 22, 1993, based upon defendants' failure to answer the complaint before defendants removed the complaint. However, the district court record clearly reflects that defendants' notice of removal was filed on November 10, 1993, and that their answer to plaintiff's complaint was filed on November 16, 1993. The notice of removal and summonses appended thereto reflect that the notice was filed within the 30 day period provided under 28 U.S.C. Sec. 1446(a). Thus, plaintiff's allegations of procedural irregularity clearly are without merit.
 
 
 5
 Further, this court will not address the merits of the district court's judgment dismissing plaintiff's complaint. While the district court granted defendants' motion to dismiss the complaint which was grounded upon plaintiff's failure to cooperate in discovery, the reasons for the dismissal were stated following argument at the hearing by the district court on the record. Generally, dismissal is a sanction of last resort properly used after lesser sanctions have been considered. Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir. 1988). However, plaintiff does not argue on appeal that the district court improperly imposed the sanction of dismissal in this case. Moreover, plaintiff has not provided the transcript of the district court hearing as he is required to do in order to challenge the judgment pursuant to Fed. R. App. P. 10(b) and Rule 13(a), Rules of the Sixth Circuit. Accordingly, the merits of the dismissal of plaintiff's complaint will not be addressed on appeal.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.